IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM H. EVANS, JR.,

    Petitioner,                                CASE NO. 2:14-cv-1451

v.                                            JUDGE JAMES L. GRAHAM
                                               Magistrate Judge Kemp

UNITED STATES MARSHAL SERVICE,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed this habeas corpus action pursuant to 28 U.S.C. §2241. This matter is before the Court to conduct an initial screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which, under Rule 1(b), may also be applied "to a habeas corpus petition not covered by" those rules. Rule 4 provides that "[i]f it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition...." Petitioner has also moved for leave to proceed *in forma pauperis*, which motion (Doc. 1) is **GRANTED**. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that petitioner's claims be **DISMISSED** under Rule 4.

### I. PROCEDURAL HISTORY

The only procedural history available to the Court comes from the petition. Petitioner is currently serving a state prison term of fifteen years to life at the Ross Correctional Institution located near Chillicothe, Ohio. He alleges that on July 11, 2008, the

Marshals Service placed a detainer on him, which he did not discover until January, 2013. He claims to be unaware of the reason for the detainer and states he never received any type of hearing on whatever federal charge underlies it. As an aside, this Court's public records do not reflect any pending case against Petitioner, nor do the public records of the United States District Court for the Northern District of Ohio.

Petitioner is scheduled for a first parole hearing in 2019. He asserts in his petition that the presence of the detainer might affect his eligibility for early release. He also claims to have exhausted any available remedies relating to this matter by making repeated requests to the Warden at Ross Correctional to find out the nature of the charges underlying the detainer. He asks to be informed of the nature of the detainer, that it be removed or that he be brought to trial promptly on it, and for any other relief which might be just.

## II. ANALYSIS

The Court begins its analysis with this statement: "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3)...." *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The key question in this case is whether Petitioner is "in custody" in any sense based on the existence of the detainer.

Most courts which have addressed this situation say no. For example, in *Von Staich v. Gonzales,* 2011 WL 7971744 (C.D. Cal. Nov. 18, 2011), *adopted and affirmed* 2012 WL

2

1951103 (C.D. Cal. May 30, 2012), the Marshals placed a detainer against a state inmate based on a warrant issued by the United States Parole Commission. Petitioner challenged the legality of the detainer in an action brought under §2241. The Court denied relief, concluding that "the existence of the detainer alone is not sufficient to render petitioner in federal custody." *Id*. at *2. *Politano v. Federal Detainer*, 2013 WL 796360 (D. Minn. Feb. 6, 2013), *adopted and affirmed* 2013 WL 791804 (D. Minn. Mar 4, 2013), also involved a prisoner in state custody seeking to remove a federal detainer through a habeas corpus petition. That court, too, found that the "custody" requirement of §2241 had not been met, saying "Where a detainer by the United States Parole Commission has not yet been executed, the individual is not in the custody of the Parole Commission,'" *id*. at *5, *quoting Andrade v. United States Parole Comm'n*, 52 F.3d 332 (9th Cir. 1995). This rule has been applied not only to federal detainers arising out of Parole Commission proceedings, but detainers based on convictions for federal offenses, *see Peeples v. Hurley*, 2014 WL 2209092, *1 (E.D. Mo. May 28, 2014)*(*"The existence of the Marshal's detainer alone is not sufficient to render [petitioner] in federal custody, and therefore, the Court presently lacks §2241 habeas corpus jurisdiction to entertain petitioner's challenge to the detainer") and detainers based on warrants issued by immigration authorities. *See Prieto v. Gluch*, 913 F.2d 1159 (6th Cir. 1990).

It is especially difficult to evaluate Petitioner's claim here because of the uncertain nature of the detainer. Given what he has said in the petition, however, it is clear that there is no successive sentence awaiting him based on a federal conviction. Under these circumstances, in line with the case authority cited above, a mere detainer from the

3

Marshals, without more, does not suffice to place Petitioner in federal custody for purposes of 28 U.S.C. §2241. His argument that the detainer, if it is still in place in 2019, might affect his eligibility for early release on parole is, at best, premature, and it is also speculative. Further, the facts Petitioner alleges about the detainer's affect on his chances of parole do not create "custody" because there is no federally-protected liberty interest in parole in Ohio. *See Bell v. Anderson*, 301 Fed. Appx. 459, 461 (6th Cir. Nov. 18, 2008)("Because the granting of parole under the Ohio penal statutes is 'purely discretionary,' a convicted person has no legitimate claim of entitlement to parole before the expiration of a valid sentence of imprisonment-and thus no liberty interest in being paroled ...").

Clearly, Petitioner's remedy, if any, does not lie in habeas corpus. The Court expresses no view on whether he has a right to obtain information about the detainer from the Marshals Service, or any right to legal relief if he cannot. It simply determines that under the governing statute, the fact that Petitioner is not "in custody" pursuant to the detainer prevents him from challenging its existence under 28 U.S.C. §2241.

### III. RECOMMENDED DECISION

For these reasons, the Magistrate Judge **RECOMMENDS** that the instant action be **DISMISSED** for lack of jurisdiction.

### IV. PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together

with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

    /s/ Terence P. Kemp
    United States Magistrate Judge

5