IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM H. EVANS, JR.

    Petitioner,

v.

UNITED STATES MARSHAL SERVICE,

    Respondent.

CASE NO. 2:14-CV-1451
JUDGE JAMES L. GRAHAM
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On November 21, 2014, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 be dismissed. ECF 2. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. ECF 4. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.

Petitioner is presently serving a state sentence of fifteen years to life for murder. His first parole hearing is scheduled to take place in 2019. In this habeas corpus petition, he challenges the constitutionality of a detainer he claims the United States Marshal's Service placed against him which, he alleges, may affect his eligibility for early release and which he claims was unconstitutionally imposed without a hearing. The Magistrate Judge recommended dismissal based on the Court's lack of jurisdiction due to Petitioner's failure to establish that he is "in custody" as required for federal habeas corpus review.

1

In support of his *Objection* to the Magistrate Judge's recommendation of dismissal, Petitioner has attached a document entitled "Subject Report" from the United States Marshal's Service executed in April, 2010, indicating that Petitioner is serving a sentence of fifteen years to life on a murder conviction arising in the State of Ohio, and that the U.S. Marshal's Service will be charging him with threatening USMS protectees in the near future. The document identifies Cincinnati as the "Originating District." Most of this document has been blacked out, however, and is indecipherable. *Exhibit A to Objection*, ECF 4, PageID# 17-18. Petitioner additionally has attached a document entitled "Report of Investigation" from the U.S. Marshal's Service indicating that Petitioner has been monitored since April 24, 2008, due to the writing of threatening letters. This document further indicates that there had been no more occurrences since December 2009, but the USMS would continue to monitor the parole hearing date and may be present at that hearing. *Exhibit B to Objection*, PageID# 19-21. Finally, Petitioner has attached a document from the United States Marshal's Service indicating that he should be approached with caution. *Exhibit C to Objection*, PageID# 21. Petitioner identifies the warrant or detainer number against him as "USMS/FID: 1482336." PageID# 13.

Petitioner argues that he is "in custody" based on the fact that a detainer has been placed against him which may affect the length of his current sentence or subject him to future incarceration. *Objection*, ECF 4, PageID# 14-15. He argues that the documents attached to his *Objection* establish he is entitled to relief. He contends that the Magistrate Judge improperly recommended dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which is inapplicable to motions under 28 U.S.C. § 2241. Petitioner also argues that jurisdiction properly lies in the District of Columbia where the United States Marshal's Service issued the detainer, but the case has been transferred here and he has yet to

receive any notice as to its status. PageID# 15-16. *See Evans v. United States Marshal Service*, 1:14-cv-912 (pending in the Southern District of Ohio, Western Division). Petitioner also appears to indicate that he has another habeas corpus case pending in the United States District Court for the Eastern District of Virginia.

Preliminarily, Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts applies to habeas corpus petitions filed under 28 U.S.C. § 2254 or § 2241. *See* Rule 1 of the Federal Rules of Civil Procedure; *Jackson v. Wilson*, No. 10-39-GFVT, 2010 WL 1038070 at *1 (E.D. Ky. March 17, 2010); *Truss v. Pearson*, No. 06-2111-BVC, 2006 WL 1806023 at *4 (W.D. Tenn. June 29, 2006). The terms of 28 U.S.C. § 2243, referred to by Petitioner, also explicitly indicate:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added). Petitioner's *Objection* in this respect is overruled.

Further, the record supports the Magistrate Judge's recommendation of dismissal. A habeas petitioner must be "in custody" on the conviction under attack at the time of the filing of his petition in order to pursue habeas corpus review. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). This requirement is jurisdictional. If a petitioner does not meet the "in custody" status at the time of the filing of the petition, the district court lacks jurisdiction to consider the case. *See Umbarger v. Bureau of Immigration and Customs Enforcement*, No. 12-cv-15600, 2013 WL 3944431, at *2 (E.D. Mich. July 31, 2013)(citing *Maleng*, 490 U.S. at 490–91); *Umbarger v. Michigan*, No. 12-cv-705, 2013 WL 444024 (W.D.Mich. Feb.5, 2013). " 'The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment.

3

Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ.' "). *Guzman-Rivera v. Immigration and Custom Enforcement*, No. 3:13-cv-767, 2013 WL 5555272 at *1 (M.D. Tenn. Oct. 8, 2013)(concluding that a detainer is only a notice and does not alter the prisoner's status as a custodial detainee)(quoting *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988)).

> The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," *Maleng v. Cook*, 490 U.S. 488, 491–92 (1989) (citations omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack.

*Paul v. United States*, No. 1:12-cv-1227, 2013 WL 1411226 at *2 (N.D. Ohio April 8, 2013)(citing *Garlotte v. Fordice*, 515 U.S. 39, 41 (1995)). The nature of a detainer has been described as follows:

> A detainer is described as a "request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when the release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). This concept is crucial to Petitioner's request for habeas relief because a detainer does not represent the basis upon which a prisoner is actually held in confinement. *Curtis v. United States*, 123 Fed. Appx. 179, 183, No. 03-6411, 2005 WL 89057 (6th Cir.18 Jan.2005). Instead, the issuance of a detainer suggests the prisoner is incarcerated on other charges. *Id.* The detainer assures the prisoner will not be released before the authority issuing the detainer can obtain future custody on the charges referenced in the detainer. *Id.*

*Tunanidas v. Folino*, No. 4:10-cv-1263, 2011 WL 693227 at *1 (N.D. Ohio Feb. 18, 2011)(a challenge to a detainer, and not the execution of the sentence currently being served, fails to satisfy the "in custody" requirement of 28 U.S.C. § 2241(c)(3))(quoting *Worrel v. Shartle*, No. 4:10 cv 2005, 2011 WL 129631, at *2 (N.D.. Ohio Jan. 13, 2011)).

Assuming as true Petitioner's allegation that the United States Marshal's Service has placed a detainer against him, the Court is not persuaded that the lodging of the detainer alone satisfies the "in custody" requirement so as to permit Petitioner to pursue federal habeas corpus relief. Petitioner argues that federal law on the issue, as it has been defined by the United States Supreme Court, indicates otherwise. In support of his argument, Petitioner refers, *inter alia*, to the Supreme Court's decision in *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

*Braden* involved a prisoner who was incarcerated in Alabama and attempting to challenge the constitutionality of the underlying cause for a detainer that had been placed against him by the State of Kentucky. *Braden*, 410 U.S. at 486. Braden argued that Kentucky had denied him his right to a speedy trial by failing to bring him to trial on a three-year-old indictment, which was the basis for the detainer against him. The Supreme Court held that Braden could pursue habeas corpus relief on this issue even though he was physically confined outside of the jurisdiction of Kentucky, noting that habeas corpus statutes permitted a prisoner to challenge future, as well as present confinement. In so doing, however, the Supreme Court noted that the circumstances of the case did not involve Braden's challenge to "the 'present effect being given the (Kentucky) detainer by (Alabama) authorities . . . .'" *Braden*, 410 U.S. at 486 (citation omitted). Instead, he attacked only the validity of the Kentucky indictment serving as the cause for the detainer lodged against him by officials of that State. *Id.*

Petitioner also cites *Estelle v. Dorrough*, 420 U.S. 534 (1975). Dorrough was serving a sentence of twenty-five years in the State of Texas. He escaped while his appeal remained pending, and authorities recaptured and incarcerated Dorrough on federal charges. The State of Texas filed a detainer warrant with federal authorities against Dorrough in order to compel him

to serve the remainder of his state sentence upon his release from federal custody. In *Dorrough*, the Supreme Court affirmed Texas law which imposed, as a sanction for prison escapees, the removal of appeals from the docket. Referring to *Braden*, 410 U.S. 536 n.2, the Supreme Court noted that a prisoner "under a state detainer warrant is considered to be in custody for the purpose of federal habeas relief." *Id*.

These two cases differ from the scenario of this case. Unlike *Braden* and *Dorrough*, Petitioner does not allege, and the record does not reflect, either that an indictment or other charges have been filed against him, or that the detainer is a result of a pending sentence on an unrelated conviction. As a result, Petitioner has failed to establish that he is "in custody" on the claimed detainer that has been lodged against him. As discussed by the Magistrate Judge, courts rejected the argument that a detainer such as the one filed in Petitioner's case satisfies the "in custody" requirement. This Court agrees with the reasoning of those courts. The documents Petitioner has attached in support of his *Objection* do not alter this conclusion. This Court agrees with the recommendation of the Magistrate Judge, and concludes that Petitioner's *Objection* is not well taken. The court overrules Petitioner's *Objection* and adopts and affirms the *Report and Recommendation*.

Petitioner has also filed an "Affidavit of Disqualification" requesting recusal of all judges in the Southern District of Ohio and in the United States Court of Appeals for the Sixth Circuit. ECF 6. As grounds therefore, Petitioner indicates that he has made death threats against the judges and that these threats form the basis for the detainer he challenges in these proceedings.

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Such circumstances include "where he has a

6

personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(a)(1). A district judge is required to recuse himself or herself " 'only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' " *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983) (quoting *Trotter v. International Longshoremen's & Warehousemen's Union*, 704 F.2d 1141, 1144 (9th Cir. 1983)). This standard is objective, and not based on the subjective view of the party. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989).

A judge must recuse himself or herself when the objective appearance of impartiality standard presents a close question. *Union Planters Bank v. L & L Dev. Co., Inc.*, 115 F.3d 378, 383 (6th Cir. 1997). As the late Chief Justice Rehnquist noted, however, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified ." *Laird. v. Tatum*, 409 U.S. 824, 837 (1972) (emphasis omitted).

Under 28 U.S.C. § 144,

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

7

Petitioner has not filed an affidavit with his motion. Additionally, the Sixth Circuit has noted:

> Disqualification must be predicated on extrajudicial conduct rather than judicial conduct. *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983). Appellant herein does not allege that the trial judge should have recused himself on the basis of personal bias, but bases his contention that the trial judge was biased because of the judicial proceedings over which the judge presided. Appellant fails to show that the trial court was personally biased against him. See *In Re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162 (6th Cir. 1984). Consequently, there is no showing of actual prejudice resulting from any actions of the trial judge.

*Zimmer v. United States*, 780 F.2d 1024 (Table), unpublished, 1985 WL 13998, at * 1 (6th Cir. Nov.15, 1985).

The record provides no basis for Petitioner's allegations of bias and prejudice on the part of the undersigned judge, the judges of the Southern District of Ohio, or the judges of the Sixth Circuit. This Court is unaware of, and has been unable to locate information supporting Petitioner's assertion that he has made death threats against judges of this district or anywhere else, or that the detainer was filed as a result of those threats. The undersigned judge is personally unaware of any threats made by Petitioner. Furthermore,

> where a threat is made against the court, recusal is not automatic. See, e.g., *United States v. Cao*, 526 Fed. Appx. 798 (9th Cir. 2013) (explaining that the § 455(a) inquiry does not stop at the mere existence of a threat); *United States v. Greenspan*, 26 F.3d 1001, 1005–06 (10th Cir. 1994) (explaining that, in and of themselves, "threats or attempts to intimidate a judge will not ordinarily satisfy the requirements for disqualification under section 455(a)" unless other facts establish that the threats are serious); *SEC v. Bilzerian*, 729 F.Supp.2d 19, 24 (D.D.C.2010) ("[A] threat to a judge, without more, does not ordinarily require recusal."). Rather, courts generally inquire into the seriousness of the threat, the motives behind the threat, and the totality of the circumstances under which the threat is made in determining whether recusal is necessary under § 455(a). See, e.g., *United States v. Dehghani*, 550 F.3d 716,

> 721 (8th Cir. 2008) (inquiring into the seriousness of the defendant's threat against the judge and the likelihood that the defendant would have been able to carry it out); *United States v. Yu–Leung*, 51 F.3d 1116, 1119–20 (2d Cir. 1995) (inquiring into the seriousness of the threat in affirming the district court's denial of the defendant's motion to recuse); *Bilzerian*, 729 F.Supp.2d at 24 (denying the defendant's motion because the death threat against the judge was not serious enough to warrant recusal).

*United States v. Matusiewicz*, Nos. 13-83-1,2,3-GMS, 2014 WL 4542775 at *2 (D.Del. Sept. 12, 2014).

> A judge is required to recuse in cases where he has been genuinely threatened because a reasonable observer would think that such judge would want the defendant convicted and given a longer sentence than the defendant might otherwise receive. *In re: Nettles*, 394 F.3d 1001 (7th Cir.2005) ("The cases [none in this court] that have addressed the issue of recusal based on threats have held that a threat to a judge that appears to be genuine and not just motivated by a desire to recuse the judge requires recusal."); *United States v. Yousef*, 327 F.3d 56, 170 (2nd Cir. 2003) ("where a threat is made simply 'to harass,' recusal is not warranted" (citations omitted)). In addition, "if a judge concludes that recusal is at least one of the defendant's objectives (whether or not the threat is taken seriously), then section 455 will not mandate recusal because that statute is not intended to be used as a forum shopping statute." *United States v. Greenspan*, 26 F.3d 1001, 1006 (10th Cir. 1994).

*Tribble v. United States*, Nos. 1:05-cv-17, 1:01-cr-68, 02-cr-188, 2008 WL 1859880 at *4 (E.D. Tenn. April 23, 2008)(holding that recusal was not required where no evidence suggested that the judge knew that Tribble was being investigated for sending a letter to him suggesting "that he would die a slow death from the white powder present in [an] envelope").

As discussed above, nothing in the record supports Petitioner's allegations regarding the basis for his request for recusal. Petitioner's *Motion for Recusal*, ECF 6, is denied.

9

For the foregoing reasons and for the reasons addressed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection*, ECF 4, is overruled. The Magistrate Judge's *Report and Recommendation*, ECF 2, is adopted and affirmed.

This case is hereby dismissed.

It is so ordered.

Date: March 31, 2015

                  s/James L. Graham
                  JAMES L. GRAHAM
                  United States District Judge